FILED
CHARLOTTE, NC

DEC 11 2009

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:09CR211

| | |
|---|---|
| UNITES STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CONSENT ORDER AND** |
| v. ) | **JUDGMENT OF FORFEITURE** |
| ) | |
| (1) WILLIAM LEE HAGOOD, ) | |
| ) | |
| Defendant. ) | |
| ) | |

BASED UPON the Defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c):

One 2006 Chevrolet Corvette, VIN 1G1YY36U865116493;

One 2006 Jeep Grand Cherokee, VIN 1J8HR78306C279188;

One 2006 Rolex Presidential 24K Gold Dual, Quick Set Model Watch, currently in the possession of Defendant at 591 Fairway Drive, Woodstock, Georgia;

One 2007 Liberty Presidential P50 Series Gun Safe, Serial Number 419-256, currently in the possession of Defendant at 591 Fairway Drive, Woodstock, Georgia;

The real property at 0 Terrapin Trail, Fort Mason, Virginia, identified in a deed recorded in the Clerk's Office of the Circuit Court for the County of Roanoke, Virginia, Deed Book 1285, Page 782; and

Any and all currency and monetary instruments that were received during, involved in, or used or intended to be used to facilitate the crimes alleged in this bill of information, namely the sum of $2,800,000.00 in proceeds and funds involved in the alleged violations of Defendant and his co-conspirators.

2. The Federal Bureau of Investigation, United States Marshals Service, and/or other property custodian for the investigative agency took possession of the above-described vehicles on July 14, 2009 and will maintain custody of the vehicles. The Federal Bureau of Investigation, United States Marshals Service, and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described watch, gun safe, and specific real property.

3. A forfeiture money judgment in the amount of $2,800,000.00, for which Defendant will be jointly and severally liable with his co-conspirators, and an order of forfeiture of the specific properties identified above shall be included in the sentence of the Defendant.

4. Pursuant to Fed. R. Crim. P. 32.2(c)(1), to the extent that this Order constitutes a money judgment, this Order shall constitute a final money judgment and no ancillary proceeding or further final order of forfeiture will be necessary. To the extent that this Order constitutes an order for forfeiture of specific properties, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the specific properties, and shall publish notice of this forfeiture as required by law;

5. Any person, other than the Defendant, asserting any legal interest in the specific properties may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of the alleged interest; and

6. Following the Court's disposition of all timely petitions filed, a Final Order and Judgment of Forfeiture shall be entered as to the specific properties. If no third party files a timely petition, this Order shall become the Final Order and Judgment of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the specific properties, and shall dispose of the specific properties according to law.

The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of Defendant's crime(s) herein, constitute or are traceable to property involved in Defendant's crime(s) herein, or are substitute properties, and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture

2

proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all rights to do so.

EDWARD R. RYAN
UNITED STATES ATTORNEY

*[signature]*

BENJAMIN BAIN-CREED
Special Assistant United States Attorney

*[signature]*

WILLIAM LEE HAGOOD
Defendant

*[signature]*

CARL HORN, III, ESQ.
Attorney for the Defendant

*[signature]*

WILLIAM R. TERPENING, ESQ.
Attorney for the Defendant

Signed this the 9TH day of December, 2009.

*[signature]*

UNITED STATES District JUDGE

3